JOHN T. GLENN v. MARY P. MAGUIRE, Executrix, and others.

April Term, 1878.

CHANCERY JURISDICTION OVER JUDGMENT AT LAW. — The court of chancery has no jurisdiction to revise a judgment at law for grave irregularities in the proceedings, where the record shows service of process on the defendant, appearance by counsel, and a judgment reciting that the parties appeared by attorneys, and containing a supplementary order purporting to be by consent.

SURETY — ABANDONMENT OF LEVY. — One of two defendants to a judgment at law is not entitled to relief in equity merely upon the ground that an execution upon the judgment had been levied on real estate as the property of the co-defendant, who was primarily liable as between him and the complainant, the record showing that the realty was twice offered for sale under the levy, and the execution returned with the indorsement that the land was not sold for want of bidders.

CREDITOR'S BILL TO REACH REALTY DESCENDED. — After the recovery of a judgment against the personal representative of the debtor on a debt of the decedent, the creditor cannot, upon a return of nulla bona alone, reach realty in the hands of the heirs or devisees, not even if the realty has been charged by the decedent by will with the payment of his debts.

CREDITOR'S BILL TO CHARGE THE PERSONAL REPRESENTATIVE DE BONIS PROPRIIS. — A creditor who has recovered a judgment against a personal representative upon a debt of the decedent, may, on return of nulla bona, charge the representative de bonis propriis, if the defendant admit the reception of personal assets which have been used otherwise than in paying the judgment.

*John Lellyett*, for complainant.
*G. M. Fogg*, for defendants.

THE CHANCELLOR :— Bill filed August 25, 1876, to obtain satisfaction of a judgment recovered on April 1, 1871, against Mary P. Maguire, executrix of the last will and testament of John B. Johnson, deceased. The defendant Maguire has answered, impeaching the judgment on several grounds. No evidence has been introduced except a transcript of the judgment. In this attitude of the case, the facts upon which the validity of the judgment is sought to be impeached by the cross-bill being expressly denied by the answer of the original complainant, the defence is limited to what appears on the face of the proceedings at law. Those proceedings show a service of process on the defendant, appearance by counsel, some grave irregularities, and a judgment in which it is recited that the parties appear by their attorneys, and which contains, after the rendition of the judgment, a supplementary order purporting to be by consent of parties.

A party can come into this court for relief after a judgment at law only when he has been deprived of a legal right by fraud, accident, or mistake, " unmixed with negligence or fault upon his part." *Kearney* v. *Smith*, 1 Yerg. 127 ; *Thurmond* v. *Durham*, 3 Yerg. 98. This court has no power to supervise the proceedings of a court of law, nor to correct its irregularities. *Thompson* v. *Meek*, 3 Sneed, 271 ; *Bissell* v. *Bozman*, 2 Dev. Eq. 160. " A court," says Caruthers, J., " before which the records of another, having jurisdiction, are used, cannot review the proceedings to spy out irregularities that may have intervened, or erroneous orders that may have been made, or wrong conclusions arrived at. This is the province of a court of revision, and no other can notice their existence." *Greenlaw* v. *Kernahan*, 4 Sneed, 380. " The form of the record of a judgment," says Waite, C. J., " is regulated by the prac-

tice of the court in which the action is prosecuted. To make such a record valid upon its face, it is only necessary for it to appear that the court had jurisdiction of the subject-matter of the action and of the parties, and that a judgment had in fact been rendered. All else is form only." *Maxwell* v. *Stewart*, 22 Wall. 79. See, to the same effect, *Tilton* v. *Cofield*, 93 U. S. 163. And the validity of the judgment in question, upon its face, is put beyond all doubt by its recital that the parties appeared by their attorneys, the record showing jurisdiction of the subject-matter and of the defendants by actual service of process and appearance by attorney.

The answer and the cross-bill also rely upon a levy of execution on the judgment, shown, by the record, to have been made on the realty of a co-defendant bound, as between themselves, before the present defendant, and an abandonment thereof by the complainant. It has been held by our Supreme Court, affirming a decision of my own, that such a levy and abandonment on the property of the principal is a release, to the extent of the value of the property, of a surety. *Watson* v. *Read*, 1 Tenn. Ch. 196. And it has seemed to me that the principle would apply in favor of an accommodation indorser. *Love* v. *Allison*, 2 Tenn. Ch. 111. But the plaintiff may abandon a levy on realty improvidently made, as where it proves not to be the property of the judgment-creditor, or, if his property, that he has only an equitable, not a legal, title. *Bank of Tennessee* v. *Turney*, 7 Humph. 116. The mere averment of the levy is, therefore, not sufficient to sustain a claim for relief based on the levy. *Winham* v. *Crutcher*, 2 Tenn. Ch. 538. Here, there is not only the absence of the necessary averment of property in the defendant, and value, but the transcript shows that the realty levied on was twice offered for sale, and could find no bidder. *Primâ facie*, the defendant has no legal interest in the property, or only a naked legal title without value.

The complainant's judgment is against Mary P. Maguire, executrix of John B. Johnson, deceased, without the usual and proper clause that the money was to be levied of the goods and chattels of the deceased. This defect, it has been held, only made the judgment erroneous, and not void. *White* v. *Archbill*, 2 Sneed, 594. The executions at law were issued against her, to be levied of the goods and chattels, rights, and credits in her hands to be administered. The bill treats the judgment in the same light; and, perhaps, a judgment against her personally, where the record shows a demand against the testator, and that she was brought into court in her representative character, without any suggestion of a *devastavit*, would have been void. It would certainly have been erroneous. *Massengale* v. *Jones*, 3 Hayw. 36; *Dance* v. *McGregor*, 5 Humph. 428. The judgment was an admission of assets. *Griffith* v. *Beasley*, 10 Yerg. 434. And such a judgment, ordinarily, exonerates the lands descended or devised, the only remedy being against the personal representative and sureties. *Peck* v. *Wheaton*, Mart. & Y. 353; *Anderson* v. *Clark*, 2 Swan, 156. A bill will not lie, in such case, under the Code, sec. 2267, to reach the realty descended or devised. *Kyle* v. *Kyle*, 1 Tenn. Leg. Rep. 264. Nor will it make any difference that the decedent has, as in this case, by his will charged a part of the realty with the payment of debts. Such a trust, whether of the whole or of part of the realty, created by will is inoperative so far as creditors are concerned. *Hubbard* v. *Epps*, 1 Tenn. Leg. Rep. 320; Perry on Tr., sec. 560. The reason is, that the whole estate, real and personal, of a testator is liable for his debts, and the declaration of a trust by will, which is already given by law, will not vary the legal rights and liabilities of the parties. The intention of the testator, except in cases where it has been mutually acted upon by the creditors and the executor, is only operative between the legatees. *Gardner* v. *Gardner*, 3 Mason. 178. The rul-

ings of the English courts touching a bequest of personal estate in trust to pay debts are in accord, the personalty being, by the English law, already liable for debts, as both the realty and personalty are with us. *Scott* v. *Jones*, 4 Cl. & Fin. 397 ; *Hines* v. *Spruill*, 2 Dev. & B. Eq. 101. The bill fails, therefore, so far as it undertakes to reach the realty devised by the testator for the payment of debts ; and, of course, as to realty otherwise devised.

The bill further seeks to hold the defendant Mary P. Maguire liable *de bonis propriis* for the amount of the complainant's judgment. And there can be no doubt that an executor may be held liable for a *devastavit* by *scire facias* upon a judgment *de bonis testatoris*, or by action of debt on such judgment. *Cope* v. *McFarland*, 2 Head, 543 ; *Hillman* v. *Hickerson*, 3 Head, 575. The present bill, filed against the executrix as a non-resident of the state and by attachment of property, is an action on the judgment, jurisdiction being given to the court by the attachment. Code, sec. 3461. In this view, the only question is, whether the bill contains the necessary averments admitted by the answer, there being no proof to sustain the action for a *devastavit*. It has been held that the allegation of a return of *nulla bona* on the execution is not, by itself, sufficient. *Graham* v. *Ruble*, 1 Coldw. 170. There must be an averment, in substance, that the executor has sold, converted, and wasted goods and chattels of the testator at the time of his death, which came to the hands of the executor to be administered, with the intent that the execution should not be made. *Wray* v. *Williams*, 2 Yerg. 302. The allegations of the bill, in this regard, are, that the defendant Mary P. Maguire " has fraudulently disposed of part of said trust property, and continues so to do, having made sale of the same, and appropriated the same otherwise than required by her trust ; " and that she ought to be charged as of her own proper goods, " by reason of her default to properly account as trustee, there being ample assets of her testator

to pay all his debts." These allegations were made, it is obvious, in view of the provision of the will charging the personal estate and certain specified realty with the payment of debts, a provision, as we have seen, wholly inoperative of itself, so far as the creditors were concerned. But they fairly imply, and may be treated as charging, a *devastavit* of the personal assets. And, although the answer undertakes to deny that the defendant has, in any way, failed in the performance of her duties as executrix, it concedes that the personal assets have been used otherwise than in paying the complainant's debt. The judgment was an admission of assets, which the defendant is not permitted to dispute in an action on the judgment to charge her personally. *Blount* v. *Hopson*, 1 Yerg. 399 ; *White* v. *Archbill*, 2 Sneed, 588. And the answer discloses no legal reason why a sufficiency of these assets were not applied to the payment of the judgment. Their application to other debts, when fixed with the complainant's recovery, was a *devastavit* in law, without reference to the intent with which they were so applied.

The bill must be dismissed as to all the other defendants, but is sustained as to the defendant Mary P. Maguire, against whom complainant is entitled to a judgment *de bonis propriis*, and to subject so much of the individual property of the defendant attached as may be necessary to its satisfaction. The costs will be divided between complainant and this defendant.

NOTE. — Affirmed on appeal.